IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SARAH CROSTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-24-00633-JD |
| ) | |
| SARAH BRESHEARS, in her ) | |
| individual capacity, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Before the Court is Plaintiff's Motion to Strike Certain Defenses ("Motion"). [Doc. No. 21]. Plaintiff moves to strike certain affirmative defenses raised in Defendant's Answer [Doc. No. 17] because they "are not pled sufficiently to establish 'plausible' defenses" under *Twombly* and *Iqbal*[1] and because they are "impertinent and/or frivolous" under Federal Rule of Civil Procedure 12(f). Motion at 1–3.

Without addressing the merits of the Motion, the Court notes that "striking a portion of a pleading is a drastic remedy [that] often is sought by the movant simply as a dilatory or harassing tactic," so "motions under Rule 12(f) are viewed with disfavor by the federal courts and are infrequently granted." 5C *Wright & Miller's Federal Practice & Procedure* § 1380 (3d ed. 2025); *accord Fed. Nat'l Mortg. Ass'n v. Milasinovich*, 161 F. Supp. 3d 981, 994 (D.N.M. 2016). Nevertheless, the decision to grant a motion to strike lies within the sound discretion of the Court. *Durham v. Xerox Corp.*, 18 F.3d 836,

---

[1] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

840 (10th Cir. 1994). A motion to strike should be granted if the challenged affirmative defense is "so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense," or if its "presence in the pleading throughout the proceeding will be prejudicial to the moving party." 5C *Wright & Miller's Federal Practice & Procedure* § 1380 (3d ed. 2025). "Additionally, courts may grant a motion to strike defenses that are pleaded with so little detail that they fail to provide sufficient notice to the opposing party." *Id.*

These standards are consistent with counsel's obligations under Rule 11. An attorney presenting a pleading to the Court "certifies that to the best of the person's knowledge, information, and belief," the pleading "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). Moreover, an attorney pleading a defense certifies that the defense is "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2).

With these standards and obligations in mind, the Court **ORDERS** the parties to confer in good faith regarding the Motion on or before **August 5, 2025**. The Court believes that some, if not all, of the issues raised in the Motion could be resolved either by an amended answer, *see* Fed. R. Civ. P. 15(a)(1)(B), or by the parties' conference. The Court expects the parties to work to resolve the issues in the Motion without requiring further judicial resources.

If Defendant timely files an amended answer, the Court will deny the Motion as moot. If Defendant does not timely file an amended answer, the Court will decide the Motion upon completion of the briefing. Nothing in this Order changes Defendant's response brief deadline. *See* LCvR7.1(g). Any response brief to the Motion shall include a certificate of conference indicating the date, time, and length of the conference, who attended the conference, what resolutions were reached between the parties, and what issues remain to be resolved by the Court.

If the issues in the Motion are resolved by agreement at any time, counsel shall <u>immediately</u> notify the Court through a Court filing. Failure to comply with this Order, the Court's orders, and the federal and local rules may result in sanctions, which may include, among other things, the striking of pleadings, responses, and other filings. *See, e.g.*, Fed. R. Civ. P. 11(c); 16(f); 41(b).

IT IS SO ORDERED this 23rd day of July 2025.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE