IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SARAH CROSTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-24-00633-JD |
| | ) |
| SARAH BRESHEARS, in her individual capacity, | ) |
| | ) |
| Defendant. | ) |

### ORDER

Before the Court is Plaintiff Sarah Croston's motion to strike certain affirmative defenses, ("Pl.'s Mot. Strike") [Doc. No. 21], from Defendant Breshears's answer, ("Def.'s Answer Pl.'s Am. Compl.") [Doc. No. 17], under Federal Rule of Civil Procedure 12(f).

The Court has considered the parties' submissions and the relevant law. *See* [Doc. Nos. 17, 21, 23, 24]. For the following reasons, the Court grants in part and denies in part Croston's Motion to Strike.

### I.  BACKGROUND

Plaintiff Sarah Croston filed her Amended Complaint on July 8, 2024, bringing a First Amendment workplace retaliation claim. [Doc. No. 8]. After litigating a motion to dismiss, Defendant Breshears filed her Answer on July 11, 2025, in which she raised affirmative defenses. [Doc. No. 17]. In turn, Croston filed her Motion to Strike certain affirmative defenses on July 22, 2025. [Doc. No. 21]. The Court ordered the parties to

confer in good faith, after which the parties reduced the number of contested affirmative defenses down to four: Affirmative Defenses 11, 14, 22, and 23.[1]

## II.    **LEGAL STANDARDS**

A district court is authorized under Federal Rule of Civil Procedure 12(f) to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Court may act "on its own" or on a party's motion. *See id.* "The intent of Rule 12(f) is to 'minimize delay, prejudice, and confusion'" early in the litigation. *Falley v. Friends Univ.*, 787 F. Supp. 2d 1255, 1259 (D. Kan. 2011) (quoting *Resol. Tr. Corp. v. Fleischer*, 835 F. Supp. 1318, 1320 (D. Kan. 1993)).

However, "striking an affirmative defense is considered a drastic remedy," and motions to strike "are disfavored." *Id.* at 1259, 1257 (internal quotation marks and citations omitted). The movant faces a "demanding burden," and any doubts are resolved in the nonmovant's favor. *United States ex rel. Schroeder v. Medtronic, Inc.*, Case No. 17-2060-DDC-BGS, 2024 WL 1095664, at *3 (D. Kan. Mar. 13, 2024) (quoting *John Michael Assocs., Inc. v. BlueStem Mgmt. Advisors LLC*, Case No. 22-2055-HLT-RES, 2022 WL 1184447, at *2 (D. Kan. Apr. 21, 2022)).

Courts generally "decline to strike material from a pleading unless that material has no possible relation to the controversy and may prejudice the opposing party." *Falley*,

---

[1] Per the parties' conference and Breshears's agreement, Breshears withdrew or struck Affirmative Defenses 2, 4, 5 (solely as to absolute immunity), 17, 18, and 21. *See* Def.'s Resp. Pl.'s Mot. Strike at 1–2 [Doc. No. 23].

2

787 F. Supp. 2d at 1257 (internal quotation marks and citation omitted); *see also* 5C Wright & Miller's Federal Practice & Procedure § 1382 (3d ed. 2025) (noting that such motions are often considered "time wasters" and "should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action") (footnotes omitted). District courts possess "considerable discretion in disposing of a Rule 12(f) motion to strike." 5C Wright & Miller § 1382; *see also MacIntyre v. JP Morgan Chase Bank, N.A.*, 827 F. App'x 812, 816 (10th Cir. 2020) (unpublished) (reviewing district court's denial of motion to strike for abuse of discretion) (citing *In re Gold Res. Corp. Sec. Litig.*, 776 F.3d 1103, 1119 (10th Cir. 2015)).

The *Twombly/Iqbal*[2] standard does not apply with the same force to affirmative defenses,[3] which are governed by Rule 8(b)(1)(A) and (c). *See Falley*, 787 F. Supp. 2d at 1259 (declining to extend the pleading standards of *Twombly* and *Iqbal* to affirmative

---

[2] *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

[3] The Tenth Circuit has not addressed whether the pleading standards set forth in *Twombly* and *Iqbal* apply to affirmative defenses, and there is a split among district courts on the issue. Absent the parties identifying controlling authority, the Court declines to apply the *Twombly/Iqbal* pleading standard to affirmative defenses. *See Knighten v. Allstate Ins. Co.*, No. CIV-17-683-D, 2018 WL 718533, at *2 n.1 (W.D. Okla. Feb. 5, 2018) (collecting cases and concluding that the *Twombly/Iqbal* standard "does not apply with the same force to affirmative defenses"); *see also Lister v. RTR Env't, LLC*, No. CIV-19-1092-D, 2020 WL 1930448, at *1 & n.2 (W.D. Okla. Apr. 21, 2020) (same); *Cooper v. City of Alva*, No. CIV-19-148-G, 2019 WL 5653217, at *1 n.1 (W.D. Okla. Oct. 31, 2019) (same).

defenses). "[A] more abbreviated statement of the defense, considered in context with the complaint to which the defenses are addressed, will sufficiently apprise a party of the nature of the defense for pleading purposes." *Henson v. Supplemental Health Care Staffing Specialists*, No. CIV-09-397-HE, 2009 WL 10671291, at *1 (W.D. Okla. July 30, 2009). Nonetheless, the decision to grant a motion to strike rests within the sound discretion of the Court. *See Durham v. Xerox Corp.*, 18 F.3d 836, 840 (10th Cir. 1994) (explaining that the district court's grant of a motion to strike was a "discretionary decision" that is reviewed for abuse of discretion).

The standards of Rule 12(f) comport with counsel's obligations under Rule 11. An attorney presenting a pleading to the Court "certifies that to the best of the person's knowledge, information, and belief," the pleading "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). Moreover, an attorney pleading a defense certifies that the defense is "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2).

### III.   ANALYSIS[4]

#### A.   Affirmative Defenses ¶¶ 22 and 23

Defendant's Affirmative Defense 22 raises "[a]ny other matter constituting an avoidance or affirmative defense," and Affirmative Defense 23 purports to "reserve the

---

[4] Both parties dedicate considerable portions of their briefing to bilateral contentions of being "needlessly vexatious," characterizing the motion as "unnecessar[y]

right to assert any additional affirmative defenses which may be disclosed during the course of discovery in this action, including up and until the date the actual Trial begins." Def's Answer Pl.'s Am. Compl. ¶¶ 22–23 [Doc. No. 17].

But an affirmative defense is one that "precludes liability even if all of the elements of the plaintiff's claim are proven." *Roberge v. Hannah Marine Corp.*, No. 96-1691, 1997 WL 468330, at *3 (6th Cir. Aug. 13, 1997) (unpublished). First, a catchall statement of "any other matter" fails to put Croston on notice of what defenses are raised. Second, reservation of the ability to assert affirmative defenses does not itself preclude Defendant's liability in any legal or factual scenario. The ability to assert a defense at a given time in a case goes to procedure, not legal defenses. Given legal effect, Affirmative Defenses 22 and 23 would exempt Defendant from the requirements of Federal Rules of Civil Procedure 12(a)(1)(A)(i), 15(a)(1), and 15(a)(2). Exempting one party from multiple core procedural rules (obviously) prejudices the other party. Affirmative Defenses 22 and 23 are not defenses at all.[5] Should discovery reveal that a

---

clutter," calling the answer "uninformative" and "shoddy," along with heavy use of boldface type. The Court finds little utility in these aspects of the parties' briefing. The Court warns that doing this in future filings may result in the filing being stricken, without permitting the party a chance to refile.

[5] Plaintiff's counsel states Defendant's counsel has raised this "reservation" defense repeatedly in other cases, wherein courts have repeatedly informed counsel of its invalidity. An examination of the cases Plaintiff's counsel provides show this purported "reservation" defense being stricken or deemed meritless, including in a case involving mostly the same counsel. *See* Pl.'s Reply Def.'s Resp. Pl.'s Mot. Strike [Doc. No. 24]; *see also* Pl.'s Reply Ex. 3 [Doc. No. 24-3]. Thus, the Court reminds Defendant's counsel of the impropriety of maintaining facially meritless legal arguments before the Court—especially ones that should be voluntarily withdrawn at a court-ordered conference on the

previously-unpled affirmative defense is available, Federal Rule of Civil Procedure 15(a)(2) allows a party to seek leave to amend, which the Court freely grants "when justice so requires."

Because Defendant may seek leave to amend like any other party, and because Affirmative Defenses 22 and 23 are plainly incompatible with the definition of an affirmative defense, the Court will grant Plaintiff's motion to strike Affirmative Defenses 22 and 23. The striking of these defenses will not be construed to effect Defendant's ability to assert new affirmative defenses through the normal pleading amendment process.

### B.   Affirmative Defense ¶ 11

Breshears asserts the affirmative defenses of "waiver, estoppel, unclean hands, laches, and any other equitable defense that may arise in the course of discovery." Def.'s Answer Pl.'s Compl. ¶ 11 [Doc. No. 17].

Croston's grievance centers on the latter catchall provision, which she claims cannot "satisfy even the most liberal pleading standards." Pl.'s Mot. Strike at 6–7 [Doc. No. 21]. Croston further asserts that this breadth of pleading causes issues with the heightened pleading requirements attached to certain equitable defenses like fraud. *Id.* at 7. Although she focuses her arguments on the catchall provision of Affirmative Defense 11, Croston asks the Court to strike the entire defense as "too non-specific." *Id.*

---

subject. Moreover, the Court reminds counsel for both parties of the need for civility and professionalism, particularly in one's filings before the Court.

Breshears responds that "unclean hands, estoppel, laches, and waiver are relevant in First Amendment employment retaliation claims as they may limit or bar relief depending on the circumstances of the case." Def.'s Resp. Pl.'s Mot. Strike at 10 [Doc. No. 23]. However, Breshears declines to address Croston's arguments regarding the breadth of "any other equitable defense that may arise in the course of discovery."

The catchall provision "any other equitable defenses that may arise" essentially repeats Affirmative Defense 23's attempt to be exempt from the normal rules on timing and amendment of pleadings. For the reasons stated in the previous section, the Court will grant Defendant leave to amend her answer to correct Affirmative Defense 11, after which time the catchall provision will be stricken. The Court sees no reason to strike the portion of Affirmative Defense 11 raising waiver, unclean hands, estoppel, and laches.

C.     **Affirmative Defense ¶ 14: *Faragher/Ellerth***

Croston avers the Court should strike Breshears's *Faragher/Ellerth*[6] affirmative defense as "legally and logically inapplicable to the facts alleged." Pl.'s Mot. Strike at 7 [Doc. No. 21]. Croston cites Fifth Circuit case law supporting the proposition that striking a defense "is permitted if the defense asserted is invalid as a matter of law." *Id.* at 7–8 (citing *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982)).

---

[6] *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998).

Breshears asserts *Faragher/Ellerth*'s underlying elements—"no tangible employment action" and "no notice to the employer of any retaliatory acts"—are relevant because Breshears "was not Plaintiff's employer." Def.'s Resp. Pl.'s Mot. Strike at 10 [Doc. No. 23].

Croston replies that "tangible harms are not required to support a First Amendment retaliation claim." Pl.'s Reply Def.'s Resp. at 6–7 [Doc. No. 24] (citing *Bass v. Richards*, 308 F.3d 1081, 1087–88 (10th Cir. 2002) (holding the government infringes on the First Amendment "whenever it punishes or threatens to punish protected speech")).

But the fact that tangible harms are not required to show First Amendment retaliation does not mean that a lack of tangible harm is irrelevant. Moreover, the subject matter largely comports with that of the rest of the case, making it difficult to see how the affirmative defense causes "prejudic[e] to the moving party." 5C Wright & Miller's Federal Practice & Procedure § 1380 (3d ed. 2025).

Moreover, Croston does not argue that discovery regarding tangible harm or notice to the employer meaningfully expands the scope of discovery in this case. Nor has Croston persuasively argued the *Faragher/Ellerth* defense is "so unrelated to the plaintiff's claims as to be unworthy of *any* consideration as a defense." 5C Wright & Miller's Federal Practice & Procedure § 1380 (3d ed. 2025) (emphasis added).

For these reasons, the Court DENIES Plaintiff Croston's motion to strike Affirmative Defense 14.

## IV. CONCLUSION

The Court GRANTS Plaintiff Croston's Motion to Strike as to Affirmative Defenses 22 and 23. Paragraphs 22 and 23 of Defendant's Answer to Plaintiff's Amended Complaint are STRICKEN, but this shall not be construed to prohibit Defendant's ability to seek leave to amend under the Federal Rules of Civil Procedure. The Court further gives Defendant LEAVE TO AMEND her answer curing the deficiencies identified in Affirmative Defense 11 by October 14, 2025, after which Affirmative Defense 11's language pertaining to "any other equitable defense that may arise in the course of discovery" will be STRICKEN. The Court also DENIES Plaintiff Croston's Motion to Strike as to Affirmative Defense 14.

IT IS SO ORDERED this 7th day of October 2025.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE